UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61500-CIV-COHN

PAUL A. JACKSON,

    Plaintiff,

vs.

GENESYS CREDIT MANAGEMENT and
RENT COLLECT INC.,

    Defendants.
_____/

**ORDER GRANTING MOTION TO QUASH SERVICE**
**ORDER DENYING WITHOUT PREJUDICE MOTION TO DISMISS**
**ORDER GRANTING LEAVE TO AMEND COMPLAINT**
**ORDER CONTINUING TRIAL SETTING DUE TO DELAY IN SERVICE**

THIS CAUSE is before the Court upon Defendants' Motion to Quash Service of Process [DE 22] and Motion to Dismiss [DE 23], Plaintiff's Response to the Motion [DE 31], or Alternatively Plaintiff's Motion to Amend Complaint [DE 32], Defendants' Reply in support of its motion to dismiss [DE 33], Plaintiff's Response to Defendants' Response [DE 34] and Defendants' Response to Plaintiff's Motion to Amend [DE 35]. The Court having carefully considered the motions and all filings, and is otherwise fully advised in the premises.[1]

On March 6, 2007, a summons for this case was served upon the Defendants [DE's 20 and 21]. The Affidavit of Service by the process server, Diane Steele, indicates that though the summonses were properly addressed to the President or Vice

---

[1] These motions became ripe on May 4, 2007, the deadline for any reply by Plaintiff to Defendants' Response to Plaintiff's Motion to Dismiss. Since the Court is granting that relief anyway, whether Plaintiff filed a reply or not does not matter.

President of each corporate Defendant, service made upon "Dale Cain/Legal Officer." Affidavits of Service [DE's 20 and 21].  The process server gave no indication regarding any attempted service upon the named corporate officers.  In support of Defendants' Motion to Quash Service, Dale Cain states by sworn affidavit that he was served by the process server, but that he is not authorized to receive service of process, nor did he represent himself to be authorized.  Affidavit of Dale P. Cain, ¶¶ 3, 6-8, Exhibit 1 to Motion to Quash [DE 22].

On March 27, 2007, Defendants timely moved to quash service and to dismiss the Complaint for insufficient service of process and lack of personal jurisdiction.  In support of its motion to quash, Defendants correctly note that service under Federal Rule 4(h) requires compliance with the law of the state in which the district court is located, in this case, Florida.  Under Florida law, Plaintiff bears the burden to show compliance with Florida Statute § 48.194 regarding service upon an out of state corporation.  Such service shall be made in the same manner as service within Florida.  Thus, first attempted to be served upon the president or vice president of the corporation, or if not found, upon the treasurer, secretary, cashier or general manager.  Fla. Stat. § 48.081(a)(b).  If none of these persons are present, then service may be made upon any director of the corporation, and then after that, any officer or business agent.  Fla. Stat. § 48.081(c)(d).

Although it appears Plaintiff properly filled out the summonses, the service by the process server in this case does not comply with Florida law.  While this may not be the fault of Plaintiff, nevertheless, Defendants are entitled to strict compliance with the

service of process laws.  York Communications, Inc. v. Furst Group, Inc., 724 So.2d 678, 679 (Fla. Dist. Ct. App. 1999).  The process server's affidavit must include "a statement supporting the necessity for substituted service."  Id.  Plaintiff has not met his burden to show proper service in this case.

Defendants also move to dismiss this case for insufficient service, and thus lack of personal jurisdiction.  The Court will not dismiss this case at this time, as it appears that Plaintiff is making good faith efforts to comply with the service requirements of Florida law.  Plaintiff shall have leave to attempt service again upon the proper officers pursuant to Florida Statute § 48.081.

Turning to the issue of Plaintiff's Complaint, the Court concludes that to the extent Defendants were asserting that the initial complaint lacked sufficient allegations regarding federal jurisdiction, that motion is denied.  Plaintiff has sought the alternative relief of amended his complaint.  That motion to amend is granted.  Plaintiff should refile a single document entitled "Amended Complaint," including the factual allegations from his initial complaint, with whatever additional or amended claims he states at page seven (7) of his April 10, 2007 filing.  That Amended Complaint should then be served with the summonses.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Quash Service of Process [DE 22] is hereby **GRANTED**;

2. Defendants' Motion to Dismiss [DE 23] is hereby **DENIED, without prejudice**;

3. Plaintiff's Motion to Amend Complaint [DE 32] is hereby **GRANTED**;

4. Plaintiff shall file a document entitled "Amended Complaint" as described in this

Order;

5. Plaintiff shall have thirty (30) days to again attempt service of process;

6. The trial setting for this case is hereby continued to February 4, 2008, with a Calendar Call at 1:30pm on Thursday, January 31, 2008.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 7th day of May, 2007.

JAMES I. COHN
United States District Judge

copies to:

Paul Jackson, pro se
Jeffrey Trinz, Esq.