UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61500-CIV-COHN

PAUL A. JACKSON,

    Plaintiff,

vs.

GENESYS CREDIT MANAGEMENT and
RENT COLLECT INC.,

    Defendants.

_____/

**ORDER GRANTING MOTION TO DISMISS**
**ORDER GRANTING LEAVE TO AMEND COMPLAINT**
**ORDER CONTINUING TRIAL SETTING**

THIS CAUSE is before the Court upon Defendants' Motion to Dismiss [DE 41], or Alternatively Motion for More Definite Statement [DE 42]. The Court having carefully considered the motion, response and reply thereto, and is otherwise fully advised in the premises. The motion became ripe on July 12, 2007.

I.  BACKGROUND

Plaintiff's initial complaint in this action alleged violations of the Fair Debt Collection Practices Act ("FDCPA") and the Equal Credit Opportunity Act ("ECOA"). Delay occurred in effecting service of process upon Defendants. On May 7, 2007, this Court granted Defendants' motion to quash, denied their motion to dismiss without prejudice, and directed Plaintiff to properly serve Defendants. In addition, the Court directed Plaintiff to file a single document entitled "Amended Complaint," so that the additional allegations made by Plaintiff in his Motion to Amend [DE 32] could be properly included in one document. Plaintiff did not file such a document.

Plaintiff again served Defendants on May 18, 2007.  Defendants have now moved to dismiss the "Amended Complaint" on its merits for failure to state a claim.  The Complaint [DE 1], along with the allegations at page 7 of the Motion to Amend [DE 32], appears to assert four claims, though its possible that a claim present in the original complaint that is not repeated in the purported "Amended Complaint" is no longer part of this case.  In addition, although not listed as a claim, Plaintiff is apparently attempting to assert a fifth cause of action under the Racketeer Influenced and Corrupt Organizations Act ("RICO").

II. DISCUSSION

The Defendants' present motion to dismiss is proper as the Court denied the earlier motion without prejudice.  The prior motion concerned service and jurisdictional issues.  Therefore, Defendants have not waived their ability to move to dismiss the Complaint for failure to state a claim.

Until the recent Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. —, 127 S.Ct. 1955 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001).  However, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  127 S. Ct. at 1965.  "While a complaint attacked

by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65.  Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

### A.  Fair Credit Reporting Act

Plaintiff's "Amended Complaint" contains a claim under the FCRA for failure to remove false and inaccurate information from a credit report.  Although Plaintiff cites to 16 U.S.C. § 1692, which is actually part of the FDCPA, the Court will construe the claim to be under 16 U.S.C. § 1681s-2(b), which is the only part of the FCRA that governs the duties of furnishers of information to the credit reporting agencies, commonly known as credit bureaus.  This section requires a person who "has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate."  15 U.S.C. § 1681s-2(a)(2)(B).

Plaintiff does not allege that Defendants failed to investigate Plaintiff's complaint of inaccurate information, nor that it failed to correct the information.  The negative

3

information was removed from the credit report within six months (Defendants' version) to nine months (Plaintiff's version). In addition, the furnisher's duty to reinvestigate the credit information is only triggered by a notice from the consumer reporting agency, not from a consumer. 15 U.S.C. § 1681s-2(b)(1); Young v. Equifax, 294 F.3d 631, 639 (5th Cir. 2002). Such an allegation has not been made in this case. For all of these reasons, Plaintiff has failed to sufficiently allege a violation of the Fair Credit Reporting Act.

### B.  Equal Credit Opportunity Act

Plaintiff's initial and "Amended" Complaint both allege a violation of the ECOA in Defendants' deception in using a second company to solicit his credit information and/or by obtaining copies of his credit report under false pretenses and without his express authorization. The ECOA, 15 U.S.C. § 1691 et seq., prohibits discrimination in credit decisions, with some procedural requirements for providing notice of such decisions. To sue under the ECOA for a violation requires an "applicant" to sue a "creditor." The facts alleged in either version of the Complaint do not allege that Plaintiff applied for credit from either Defendant. The acts of Defendants complained about under this claim are not actionable under the ECOA. Thus, Plaintiff has failed to state a claim under the ECOA.

### C.   Racketeer Influenced and Corrupt Organizations Act

In order to prove any violation of RICO, Plaintiff must prove the existence of an "enterprise" and a "pattern of racketeering activity." 18 U.S.C. § 1962; Beck v. Prupis, 162 F.3d 1090 (11th Cir. 1998), *aff'd*, 529 U.S. 494 (2000). Plaintiff has failed to

sufficiently allege the elements of a RICO claim.  In addition, Defendants argue that given the factual allegations that have been made, Plaintiff cannot show a "pattern" of activity because the acts complained about took place within a six to nine month period.  The Eleventh Circuit has stated that:

> To successfully allege a pattern of racketeering activity, plaintiffs must charge that: (1) the defendants committed two or more predicate acts within a ten-year time span; (2) the predicate acts were related to one another; and (3) the predicate acts demonstrated criminal conduct of a *continuing* nature.

Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1264 (11th Cir. 2004).

There are no allegations that the allegedly criminal conduct is ongoing.  Therefore, Plaintiff must allege multiple predicate acts over a substantial period of time.  Jackson, 372 F.3d at 1265.  Six to nine months is not such a period.  Id. at 1266.  Therefore, to the extent Plaintiff has pled a RICO claim, which has not been plead as a specific claim in the Complaint or Motion to Amend, such claim is dismissed.

### D.  Fair Debt Collection Practices Act

Plaintiff has alleged that Defendants failed to provide written notice by mail to his residence of the amount and nature of the debt, nor did Defendants notify him in writing before reporting his information to the consumer reporting agencies.  Taking the later claim first, there is no requirement for a debt collector to notify a consumer prior to reporting negative information to the consumer reporting agencies.  Plaintiff cites to 16 U.S.C. § 1692g for this claim.  The Court notes that the provision in § 1692g(b) regarding cessation of collection efforts on disputed debts is only triggered upon receipt by the debt collector of a notice in writing from the consumer, and, does not

appear to prohibit reporting of information to credit reporting agencies.  In any case, Plaintiff has not pled a cause of action under § 1692g(b).

Plaintiff also appears to attempt to assert a claim for failure of Defendant to provide a written notice to him within five days after Defendants' initial telephone call to Plaintiff with the amount of the debt, the name of the creditor, and the other requirements of § 1692g(a).  Defendants assert that they provided all the required information within that first telephone call, as allowed by the statute, and, moreover, immediately began to correct the information without further sending a collection notice to Plaintiff.   Because this particular claim by Plaintiff appeared in the initial Complaint, but not within the allegations on page 7 of the Motion to Amend, the Court will grant the motion for more definite statement as to the FDCPA claim under § 1692g(a).

### III.  CONCLUSION

Although Defendants request a dismissal with prejudice, the Court will grant Plaintiff, who is proceeding pro se, one last opportunity to file an Amended Complaint that properly pleads a valid cause of action, consistent with the rulings this Court set forth in this Order.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss [DE 41] ]  is hereby **GRANTED** as to the claims under RICO, FCRA, ECOA, and the § 1692g(b) claim under the FDCPA;

2. Defendants' Alternative Motion for More Definite Statement [DE 42] is hereby hereby **GRANTED** as to the remaining claim under § 1692g(a);

3. Plaintiff has leave to file a "Second Amended Complaint" by August 2, 2007.

> Failure to timely file an amended complaint shall result in the closing of this case;

4. The trial setting for this case is hereby continued to the two-week period commencing May 5, 2008, with a Calendar Call at 1:30pm on Thursday, May 1, 2008.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 23rd day of July, 2007.

*(signature)*
JAMES I. COHN
United States District Judge

copies to:

Paul Jackson, pro se

Jeffrey Trinz, Esq.