UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61500-CIV-COHN

PAUL A. JACKSON,

    Plaintiff,

vs.

GENESYS CREDIT MANAGEMENT and
RENT COLLECT INC.,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT

    THIS CAUSE is before the Court upon Defendants' Motion to Dismiss Second Amended Complaint [DE 49].  The Court has carefully considered the motion, response and reply thereto, and is otherwise fully advised in the premises.

### I.  BACKGROUND

    The facts underlying this dispute involve Defendant's telephone call to Plaintiff regarding a debt allegedly owed by Plaintiff.  Although this was Defendant's only communication to Plaintiff, negative information about the debt was placed in Plaintiff's credit file, though it was apparently removed after six to nine months.  Plaintiff filed this action initially alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the Equal Credit Opportunity Act ("ECOA"), though Plaintiff's Second Amended Complaint now alleges violations of the FDCPA and the Fair Credit Reporting Act ("FCRA").

    In response to the initial complaint, this Court granted Defendants' motion to quash, denied their motion to dismiss without prejudice, and directed Plaintiff to

properly serve Defendants. In addition, the Court directed Plaintiff to file a single document entitled "Amended Complaint," so that the additional allegations made by Plaintiff in his Motion to Amend [DE 32] could be properly included in one document.

Plaintiff did not file such a document but did serve Defendants. Defendants moved to dismiss the "Amended Complaint" on its merits for failure to state a claim. The Court granted the motion to dismiss as to three claims and granted the alternative relief for more definite statement as to a fourth claim [DE 46]. Plaintiff then filed a second Amended Complaint [DE 47/48], again asserting four claims.

## II. DISCUSSION

As the Court stated in its prior Order, the standard of review of a motion to dismiss is as follows:

> Until the recent Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. —, 127 S.Ct. 1955 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001). However, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." 127 S. Ct. at 1965. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

### A.  Fair Credit Reporting Act

Plaintiff's Second Amended Complaint contains two claims under the FCRA for failure to remove false and inaccurate information from a credit report.  Plaintiff asserts in Count 3 that Rent Collect failed to remove the negative information or provide a written statement within thirty (30) days of his notice of dispute as to the accuracy of the information provided to the three consumer reporting agencies.  The Court will construe the claim to be under 16 U.S.C. § 1681s-2, which is the only part of the FCRA that governs the duties of furnishers of information to the credit reporting agencies. This section requires a person who "has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate."  15 U.S.C. § 1681s-2(a)(2)(B).

Plaintiff does not allege that Defendants failed to investigate Plaintiff's complaint of inaccurate information, nor that it failed to correct the information.  The negative information was removed from the credit report within six months (Defendants' version) to nine months (Plaintiff's version).  In addition, as Defendants assert in their motion to dismiss, the furnisher's duty to reinvestigate the credit information is only triggered by a notice from the consumer reporting agency, not from a consumer.  15 U.S.C. § 1681s-2(b)(1); Young v. Equifax, 294 F.3d 631, 639 (5th Cir. 2002).   Therefore, Plaintiff has

failed to sufficiently allege a violation of the FCRA in Count 3.

Plaintiff alleges a similar claim in Count 4 about failure to remove disputed information, although this claim appears to allege that the violation has to do with Defendants placing the same disputed account in his credit file twice under each Defendant's name, thus making it appear that there were two delinquent accounts. As described above, 15 U.S.C. § 1681s-2(a)(2)(B) merely requires a reinvestigation of the disputed information, which was apparently done in this case. There is no allegation that Plaintiff disputed the information via the credit reporting agencies, which in turn triggers creditor duties under the FCRA. Again, Plaintiff has failed to sufficiently allege a violation of the FCRA in Count 4.

### B.  Fair Debt Collection Practices Act

Plaintiff has alleged in Count 1 of his Second Amended Complaint that Defendants failed to provide written notice by mail to his residence within 30 days of his dispute. Plaintiff may be asserting a claim for failure of Defendant to provide a written notice to him within five days after Defendants' initial telephone call to Plaintiff with the amount of the debt, the name of the creditor, and the other requirements of § 1692g(a). Defendants assert that they provided all the required information within that first telephone call, as allowed by the statute, and, moreover, immediately began to correct the information without further sending a collection notice to Plaintiff.

On the latter issue, the Federal Trade Commission has interpreted the FDCPA to allow oral notice and disclosure of the debt information of § 1692g(a). FDCPA Staff

Commentary, 53 Fed. Reg. 50,097, 50,108 (1988).  In this case, Defendants never sent a written notice, nor attempted to further collect the debt after the initial telephone call.  There is also no allegation that Plaintiff contacted Defendant in writing to dispute the debt after the initial telephone call to Plaintiff.  For this reason, Plaintiff's claim that Defendants failed to send him a "30 days written Notice" fails to state a claim.

Turning next to Count 2, Plaintiff here alleges a fraud claim.  Plaintiff alleges that contacting him by telephone under the name "Rent Collect," while utilizing the name of "Genesys Credit Management" to report the delinquent account to the credit reporting agencies constitutes a "pattern of Conduct of Fraud and Duplicity."  As Defendants argue, this claim fails to plead a fraud claim with the required particularity.

Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity."  Fed. R. Civ. P. 9(b).  The particularity requirement of Rule 9(b) serves an important purpose in fraud actions by "alerting defendants to the precise misconduct with which they are charged and protecting spurious charges of immoral and fraudulent behavior."  Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (internal quotation marks omitted).  The application of Rule 9(b), however, must not abrogate the concept of notice pleading under the federal rules.  Id.; Friedlander v. Nims, 755 F.2d 810, 813 n.2 (11th Cir. 1985) ("[A] court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directives of rule 9(b) with the broader policy of notice pleading.").

More specifically, the Eleventh Circuit stated in Ziemba that: "Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."  256 F.3d at 1202 (quotations and citations omitted); U. S. ex rel. Clausen v. Laboratory Corp. of America, Inc., 290 F.3d 1301, 1310 (11th Cir. 2002).  Allegations of date, time, or place satisfy the requirement of Rule 9(b) that the circumstances of the fraud be alleged with particularity, but alternative means are also available to satisfy the rule.  Durham v. Business Management Associates, 847 F.2d 1505, 1512 (11th Cir. 1988).

In this case, Plaintiff has failed to sufficiently plead a fraud claim in Count 2 of his Second Amended Complaint.

### III.  CONCLUSION

In response to Plaintiff's prior attempts to plead a claim in this case, although Defendants requested a dismissal with prejudice, the Court gave Plaintiff additional opportunities to sufficiently state a claim.   As Plaintiff has now been afforded multiple chances, the Court will now grant Defendants' request to dismiss the case with prejudice for failure to state a claim.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss Second Amended Complaint [DE 49] is hereby

**GRANTED**;

2. Plaintiff's Second Amended Complaint is hereby **DISMISSED with prejudice**;

3. The Clerk may close this case and deny any other motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 21st day of November, 2007.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

copies to:

Paul Jackson, pro se

Jeffrey Trinz, Esq.